UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WAQAR MIAN, TRICITY LABORATORY, LLC, and PRIME PO. LLC,<br>    Plaintiffs,<br>v.<br><br>NAVEED MAFOOZ and CARO HEALTH PLAZA, LLC,<br>    Defendants.<br>_____/ | Case No.: 21-12572<br><br>Shalina D. Kumar<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION:
SCREENING OF COMPLAINT AND DEFENDANTS' MOTION TO DISMISS (ECF No. 17)**

**I.   PROCEDURAL HISTORY**

Plaintiff Waqar Mian filed this *pro se* complaint on December 1, 2020. (ECF No. 1). Also listed as plaintiffs are Tricity Laboratory LLC and Prime PO. LLC. Plaintiffs are proceeding *in forma pauperis*. (ECF No. 4). This case was referred to the undersigned for all pretrial matters. (ECF No. 18).

On March 21, 2022, the defendants filed a motion to dismiss. (ECF No. 17). To date, Plaintiff has not filed a response brief.

It appears that the complaint has not been screened pursuant to 28 U.S.C. § 1915A. What follows is a screening of the complaint and recommendation on Defendants' motion to dismiss. For the reasons discussed below, the undersigned

recommends that the corporate plaintiffs be dismissed without prejudice, and that the motion to dismiss be terminated or denied as moot.

II.     **ANALYSIS AND RECOMMENDATIONS**

    A.     Legal Standards

When a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii)). The court's ability to sua sponte review and dismiss claims filed *in forma pauperis* applies to both prisoner and nonprisoner litigants. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by *Jones v. Brock*, 549 U.S. 199 (2007) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."); accord *U.S. ex. Rel. Donaldson v. Conservation Res. All.*, 2006 WL 695674, at *6 (E.D. Mich. March 14, 2006); *Gebremariam v. City of Nashville Police Dep't*, 2016 WL 2854362, at *1 (M.D. Tenn. May 16, 2016).

The dismissal standard of Federal Rule of Civil Procedure 12(b)(6) described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure to state a claim under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "[A] complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, even in pleadings drafted by pro se parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes*

3

*Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

B. Discussion

1. Corporate Plaintiffs

There are no complaint allegations about either of the limited liability company plaintiffs. Other than in the case caption, they are not mentioned in the complaint. The failure to state any grounds to relief for these plaintiffs is reason to dismiss them.

Just as important is the fact that the two corporate plaintiffs are not represented by counsel. Appearances in federal court are governed by 28 U.S.C. § 1654. Specifically, § 1654 states, "In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The statute, however, does not permit an individual to appear on behalf of a corporation. *See Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) (collecting cases). Corporations must appear by counsel or not all; a pro se litigant cannot represent a corporation. *Id.*; *Ward v. Intercontinental Mortg. Group, LLC*, 2012 WL 3025098, at *1 (S.D. Ohio July 24, 2012) (limited liability

4

corporations cannot prosecute or defend in a federal court except through an attorney) (citing *Rowland v. California Men's Colony,* 506 U.S. 194, 202 (1993)).

Tricity Laboratory LLC and Prime PO. LLC are not represented by counsel. Thus, they should be dismissed without prejudice and instead file a complaint against the defendants through licensed legal counsel that states plausible grounds to relief.

    2.    Plaintiff Mian's Complaint

Plaintiff's complaint does not meet the minimal pleading standards required to litigate in this Court. It is difficult to discern any claims of violation of state or federal law and the factual bases of any such claims.

The complaint begins with a statement that $124,920.00 was stolen from Plaintiff with checks that were cashed to "Onyx Research" for a consulting fee without a consulting agreement and with Plaintiff's signature forged on the checks. This, he alleges, amounted to "Massive Financial Fraud." (ECF No. 1, PageID.5). He also states there was "Breach of Contract with Medex/Biocon," "Damages to Business reputation and revenue stream," "Potential Patient Safety Concerns" in connection with data collection not listed on informed consent forms, and "Regulatory violations of form 1672" in connection with clinical research.[1] (*Id.*). None of these claims are rooted in factual allegations.

---

[1] Plaintiff references exhibits but none were attached to the complaint.

At the end of the complaint, Plaintiff provided additional allegations. He stated he was going through a divorce when the "team of conspirators" began forging his name on blank checks. Onyx Research LLC operated Medex/Biocon without his consent in violation of an employment agreement. Onyx Research, Medex, and Biocon are not listed as parties. Defendant Mafooz allegedly violated "FDA guidelines listed in International Conference of Harmonization (ICH) E6 section 4.8.2" by allowing "continuation of patient research without acquiring a new consent form." Plaintiff sent a warning letter to Mafooz. (*Id.* at PageID.7).

In the "Nature of Suit" section of the form complaint, Plaintiff selected "Stockholders' Suits" as the basis for the cause of action. (*Id.* at PageID.8).

On December 10, 2021, Plaintiff filed a "Response" to this case and to another case he filed against different defendants, found at case number 21-12630. That case was dismissed when Plaintiff failed to respond to an order to show cause related to subject matter jurisdiction. The "Response" contains factual allegations. He states he took drugs that were placed in his car, unnamed persons brought fake lawsuits against him, that he was harassed and prevented from doing some type of work, and that "they" used his entity and revenue to "finish" him. (ECF No. 8, PageID.19-20). Defendant Mahfooz is listed among the 12 persons/entities who presumably engaged in the complained-of conduct. Attached to the "Response" is a letter from Blue Cross Blue Shield of Michigan denying "Prime Physician

6

Organization LLC's" application for participation in Blue Cross's Physician Group Incentive Program, (*id.* at PageID.22-23), and an apparent opinion from Judge Michael Warren of the Oakland County Circuit Court in Michigan involving defendant Mahfooz as a plaintiff (*id.* at PageID.24-52).

Because it was not titled or styled as an amended complaint, the undersigned does not consider the "Response" as an amendment to the complaint. As such, the undersigned does not consider the allegations as part of this case. Even if those allegations were considered, however, they do not shine light on a claim to relief against the named defendants here.

A complaint must contain more than labels and conclusions. It must have enough factual content to allow the Court to draw the reasonable inference that the defendant is liable for the conduct alleged. As it stands, the undersigned cannot draw a reasonable inference that the defendants are liable for violating state or federal law. Plaintiff offered bare conclusions or only a thin assertion of a fact. This cannot put the defendants on notice of the claims against them. Plaintiff mentions breach of contract, financial fraud, and patient safety, but without some attempt at a factual background for these claims, relief could not be granted. And there was no mention of defendant Caro Health Plaza after the complaint caption.

Plaintiff's complaint should be dismissed without prejudice and Plaintiff should be given one opportunity to file an amended complaint that conforms to the

Federal Rules of Civil Procedure and provides sufficient factual background to meet the pleading standards.

       3.     Defendants' Motion to Dismiss (ECF No. 17)

Considering the recommendation to dismiss the complaint without prejudice and allow Plaintiff an opportunity to amend, the undersigned recommends Defendants' motion to dismiss be terminated or denied as moot.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the corporate plaintiff be **DISMISSED WITHOUT PREJUDICE**, that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**, and that Defendants' Motion to Dismiss (ECF No. 17) be **TERMINATED OR DENIED AS MOOT**. If this recommendation is adopted, the undersigned further recommends that Plaintiff Mian be given an opportunity to file an amended complaint that gives notice of his claims and conforms with the Federal Rules of Civil Procedure within 21 days of the Order.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 24, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 24, 2022.

                                                   s/Kristen MacKay
                                                   Case Manager
                                                   (810) 341-7850