UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAQAR Q. MIAN,                             Case No. 21-12572

                    Plaintiff,             Shalina D. Kumar
v.                                         United States District Judge

NAVEED MAFOOZ and CARO                     Curtis Ivy, Jr.
HEALTH PLAZA LLC,                          United States Magistrate Judge

                    Defendants.
_____/

## REPORT AND RECOMMENDATION:
## RULE 41(b) DISMISSAL

### I.    PROCEDURAL HISTORY

 Plaintiff Waqar Q. Mian filed this lawsuit on November 1, 2021, without the assistance of counsel.  (ECF No. 1).  This case was referred to the undersigned to conduct all pretrial proceedings.  (ECF No. 18).

The defendants moved to dismiss the complaint on March 21, 2022.  (ECF No. 17).  The undersigned issued a report and recommendation that corporate plaintiffs be dismissed, that Plaintiff Mian's complaint be dismissed without prejudice, and that the motion to dismiss be terminated as moot.  (ECF No. 19). The undersigned further recommended that, if the recommendation is adopted, Plaintiff be given 21 days from the date of that order to file an amended complaint in accordance with the explanations provided in the report and recommendation. The District Judge adopted that recommendation in whole on June 13, 2022.

(ECF No. 20).  So, Plaintiff had 21 days from June 13, 2022, to file an amended complaint.  Because Plaintiff failed to file a complaint as ordered, the Court issued an Order to Show Cause for him to explain in writing why this case should not be dismissed.  The Court warned that "**Failure to timely or adequately respond in writing to this Order to Show Cause may result in a recommendation that this case be dismissed**."  (ECF No. 22, PageID.128) (emphasis in original).  He could alternatively respond to the Order by filing an amended complaint.

Plaintiff's response to the Order to Show Cause was September 1, 2022.  To date, Plaintiff has not responded to the Order to Show Cause or filed an amended complaint.  Thus, for the reasons below, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).

## II.   ANALYSIS AND CONCLUSIONS

Pursuant to Federal Rule of Civil Procedure 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).  Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, on balance, these factors weigh in favor of dismissal.  As for the first factor, "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. May 27, 2008).  In any event, "defendants cannot be expected to defend an action" that plaintiff has

"apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* For these reasons, the first and second factors weigh in favor of dismissal.

Based on the warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012).

In the order to show cause, Plaintiff was warned "**Failure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that this mater be dismissed under Rule 41(b)**." (ECF No. 22, PageID.128) (emphasis in original). Despite this clear warning, Plaintiff has provided no good reason why the undersigned should not recommend the complaint be dismissed.

Finally, given Plaintiff's failure to respond to the Court's Order to Show Cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL

2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  That

said, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern

of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a sua

sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a]

case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d

1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2.

For these reasons, the undersigned concludes Plaintiff has effectively

abandoned his case by failing to file an amended complaint and for failing to

comply with the show cause order of the Court.  Under these circumstances,

dismissal with prejudice is appropriate.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

Plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil

Procedure 41(b).

The parties to this action may object to and seek review of this Report and

Recommendation but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 27, 2022          s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 27, 2022, by electronic means and/or ordinary mail.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850